No. 13,881.

MILWAUKEE TRUST CO., RECEIVER, ET AL., vs. GERMANIA INSURANCE CO.

SYLLABUS.

1. With reference to the respondent's objection that the writ was not preceded by a sufficient application for a rehearing, the court holds that the rehearing was refused, and by it the case was finally disposed of, and the writ of *certiorari* or review is seasonably taken.

2. Corporations, different from natural persons, are creatures of the law and have only such powers as the State may choose to grant or recognize.

3. A State may enact that those who represent insurance companies within her limits, shall be considered agents upon whom service of process may be made, without violating the Constitution of the United States. Pembina Con. Silver Mining, etc., Co. vs. Pennsylvania, 125 U. S. 189.

IN RE Germania Insurance Co., applying for *certiorari*, or writ of review, to the Court of Appeal, Parish of Orleans, State of Louisiana.

---

*Buck, Walshe & Buck* for Applicant.

*Charles A. Schrieber* and *B. R. Forman, Jr., (Benjamin Rice Forman, of Counsel,)* for Respondent.

The opinion of the court was delivered by

Breaux, J. Originally plaintiff brought suit in the District Court here to recover an amount for which it had obtained a judgment in the Superior Court of Milwaukee County, Wisconsin.

The suit in Wisconsin was on a policy of insurance issued to the Euger Kress Company of that State for the amount of one thousand dollars on property within that State.

The Milwaukee Trust Co. became the receiver of Euger Kress Company, and as receivers, obtained judgment, which it seeks by its suit in the District Court to make executory.

The evidence shows that the policy was forwarded by the Germania Insurance Company to Euger Kress Company through insurance brokers in Chicago. Previously, application had been made by Euger Kress Company for this policy through these brokers. In the District Court the Germania Insurance Company sought to meet the issue tendered by the pleadings that the judgment upon which the Milwaukee Trust Co. had brought suit against it in the State of Wisconsin was void, because Gustave Neimeier, upon whom the summons from the Superior Court of one of the counties of that State had been served as its agent, was not its agent.

The judge of the District Court rendered judgment in favor of plaintiff and against the defendant insurance company. From this judgment an appeal was taken to the Court of Appeal. Before that court the judgment was affirmed. Plaintiff seeks to have the judgment heretofore rendered reversed, and to that end obtained a preliminary order from this court, addressed to the defendant to show cause why it should not be reversed. The record is before us by writ of error and review.

Plaintiff, before meeting the issues on the merits here, urges the objection to the writ issued by this court, that defendant failed to make a proper application for a rehearing, in that it omitted to file in that court a proper statement of points and authorities, as required by the rules of that court.

There was, as we take it, serious application made for a rehearing, and it was refused by that court. Whether the court deemed that its rule had or had not been complied with, is no concern of ours in this

case. Its action denying the rehearing is decisive enough to consider the writ of review as properly before us for our review. We will not stop to consider all the grounds upon which the court acted in refusing the rehearing. An application for a rehearing was made by defendant and relator, and it was refused by the court. This is all that is required as relates to this application.

Before passing upon the question of sufficiency *vel non* of the service made in Wisconsin to vest the court of that State with jurisdiction, we will insert a summary of the facts:

The testimony shows that Gustave Neimeier, of Milwaukee, Wisconsin, issued the policy to the insured in that State. It was stamped with the signature of Clinton Weeks and Company, insurance brokers of Chicago, and Neimeier collected the premiums. The summons of complaint in the cause against the Germania Insurance Company was served upon Neimeier. The policy shows that the property was situated in Wisconsin. Neimeier, the record shows, solicited the insurance in Wisconsin, made the contract, delivered the policy and accepted and retained the premium for the defendant company.

The law of Wisconsin on the subject provides that any person who solicits insurance on behalf of any insurance corporation, or property owner, or who transmits an application for insurance except for himself, or collects any premium for insurance, shall be held to be the agent of such corporation to all intents and purposes. Service of a summons in civil action may be made on such agent, and such service is valid to give the court jurisdiction of the foreign corporation so represented by such agent, and to render a judgment in an action so commenced binding upon any insurance company.

In sending policies into the State, by force of law it makes the person before designated the agent of the insurance company for the purpose of the service of process and jurisdiction of the court. The court of Wisconsin in this case found specifically the facts necessary under the statute to give it jurisdiction of relator and appellant upon the service had. It has been held that such a judgment cannot be attacked for want of jurisdiction. (Firemen's Ins. Co. vs. Thompson, 40 N. E. Reporter, p. 488.)

Similar view expressed in State vs. Insurnace Co., 62 Wisconsin, 174; and in State vs. Ins. Co., 67 Wisconsin, 624. Unquestionably, the foregoing is the law of that State as relates to service of summons

and in matter of the jurisdiction of her courts in cases against insurance companies.

The relator here and defendant attacks the law on the ground that the Superior Court of Milwaukee County, Wisconsin, did not acquire jurisdiction of the Germania Insurance Co. in the suit *in personam,* wherein was rendered the judgment sued on; that there was no appearance and no waiver of process, and that the man Neimeier was not its agent; that the defendant company is not bound by the law of Wisconsin; that a statute authorizing such a judgment operates as a taking of the property without due process of law.

In answer to these different grounds, we can only say that the authorities agree in holding that in order to bind the insurance company, process must be served in the manner pointed out by the statute. This, we take it, has been done in this case. The process was served upon one who is a statutory agent, and the issuing of the policy by the company to the insured is attended with all that was required, in order, *quoad* this policy, to bring the insurance company within the jurisdiction of the Wisconsin court.

Repeated decisions hold that a State may lay down conditions upon which a foreign insurance company shall do business within its territorial limits and make provision for service of process upon agents and to acquire jurisdiction in the event of a suit to recover upon the policy issued.

The Supreme Court of the United States has announced in a well reasoned opinion that the States may require for the admission within their limits of the corporations of other States such conditions as they may choose without acting in conflict with the provisions of the first section of the fourteenth amendment. (Pembina Con. Silver Mining, etc., Co. vs. Pennsylvania, 125 U. S. 189.)

The question has been considered in a number of decisions, and it has been repeatedly decided that, different from a natural person, a corporation cannot do business in another State without the latter's consent, and that the State has full power to fix the conditions it deems proper. The case is not as in a case against individuals. They (corporations) are bound by the statutory agency created, and in entering the State as a corporation, it is bound by the terms of the statute fixing agency in such a case. (St. Clair vs. Cox, 106 U. S. 350.)

The decision just cited was subsequently referred to, and construed,

in a decision sustaining a statute of the character of the Wisconsin statute. (Mutual Life Ins. Co. vs. Spratley, 172 U. S. 606.)

Our learned brothers of the Court of Appeal, by Judge Dufour, speaking for the court, reviewed other decisions upon the subject cf service, among them the decision in Firemen's Ins. Co. vs. Thompson, 40 N. E. 488, as bearing directly upon the subject. The reasoning is commended by the court and the court concluded "that Neimeier was under the facts and the law agent of the company and that service on him according to that law was sufficient to vest the Wisconsin court with jurisdiction of the person of the appellant." We agree with that view.

In all the decisions which have fallen under our research, and we have examined a number, the authority is left to the State to determine the conditions upon which a foreign corporation shall be admitted to do business within her limits. In some of the decisions to which we have referred, it is true, the court was influenced by the thought that the insurance company was conducting a business subject to her laws. Yet, in the case last cited above, the insurance campany had withdrawn its agents from the State and was not actually in business in the State. The service was held legal.

In the case before us for decision, the fact is invoked that the record does not disclose that the Germania Insurance Company was conducting a business in the State of Wisconsin. The statute of that State chooses to make one act, such as that it is shown this defendant engaged in, a business. Under the authorities, the State had it in its power to make a single act a business enough as relates to jurisdiction. Moreover, the law being as we have stated, it was incumbent upon the defendant to show that the extent of its insurance in Wisconsin was limited, as it contends it was, to one act of insurance.

We have not found any ground upon which we can grant relief to the defendant.

Our preliminary order is recalled, and the application of the Germania Insurance Co., defendant, to have the proceedings annulled, is dismissed.