HAMITER, Justice.
 

 Our present consideration of this case concerns a motion of defendant, Shreveport Packing Company, to recall the writ of certiorari directed by us to the Court of Appeal of the Second Circuit.
 

 That tribunal, on its original hearing of the litigation, reversed a judgment of the trial court and rejected the demands of plaintiff, Jesse L. Cox. Whereupon plaintiff, within the legal delay allowed, filed an application for a rehearing, he alleging therein: “That the judgment rendered herein is contrary to the law and the evi ■ dence and that a rehearing should be granted herein.” Simultaneously, plaintiff requested in writing, and he received, an order granting an extension of time for the submitting of briefs in support of the application.
 

 After the expiration of fifteen days from the date of the judgment, defendant, in the Court of Appeal, obtained the issuance of a rule directing plaintiff to show cause why the application for a rehearing should not be dismissed, basing it on the charge that the application did not conform to the requirements of Article 912 of the Louisiana Code of Practice.
 

 Plaintiff answered; and thereafter the Court of Appeal, following its consideration of defendant’s charge, recalled the rule, the reasons therefor being stated in a lengthy per curiam. See La.App., 28 So. 2d 621. Also, it considered and denied plaintiff’s application for the rehearing.
 

 Within thirty days from the date on which the rehearing was denied, plaintiff applied to this court for the writ of certiorari. Upon its being granted, defendant tendered the instant motion to recall the writ and to dismiss the proceedings in this court, alleging: “That the plaintiff, Jesse L. Cox, failed to make an application for a rehearing in the Court of Appeal, for the Second Circuit of Louisiana, in that
 
 *166
 
 he failed to state the grounds upon which the application was predicated.”
 

 The motion, as hereinabove indicated, brings in question the provisions of Louisiana Code of Practice Article 912 (found in Title II — “Of Proceedings in the Supreme Court of the State”), reading: “In the interval between the day on which the judgment is rendered and that on which it becomes final, a party dissatisfied with the judgment may apply to the court for a new hearing in the cause, and for this purpose shall present a petition, in which he shall state substantially the reasons for which he thinks the judgment erroneous, and shall cite the authorities in support of his opinion.”
 

 Plaintiff’s application for the rehearing, which was considered but denied, did not contain those requirements; it was drafted in conformity with Rule 9 of the Court of Appeal of the Second Circuit which recites [28 So.2d 622] : “ ‘Applications for rehearing must be in writing and filed with the clerk, and must be supported by brief with not less than three copies, giving reference to the facts in the record, and citing the law on which the motion is founded.’ ”
 

 Regarding this rule and plaintiff’s application, the Court of Appeal, in its per curiam, commented: “It is not questioned that the requirements of this rule were strictly complied with by the plaintiff. The application for rehearing is in writing and was timely filed with the clerk of this Court. It is supported by brief in triplicate that refers to the facts in the record and cites the law on which the motion is founded. The brief was filed within the time fixed. Therefore, the question tendered for decision is a challenge of this Court’s right and power to adopt and follow the rule. Is the rule repugnant to law?”
 

 The Court of Appeal, in that comment, has succinctly and correctly announced the question presented by defendant’s proceeding in that court and by its motion here, namely: “Is the rule repugnant to law?” Stated in another way, the question is: Must an application for a rehearing in the Court of Appeal of the Second Circuit comply with the provisions of Code of Practice, Article 912, notwithstanding that it is drafted in strict conformity with the mentioned Rule 9 ?
 

 When.the present Code of Practice was adopted by the Legislature in 1870 there were no Courts of Appeal (as they are now known) in this State. The Constitutional Convention of 1879 created them, and, at the same sitting, it wrote the following provisions (Article 103) to govern and determine the proceedings had therein: “The rules of practice regulating appeals to, and proceedings in the Supreme Court, shall apply to appeals and proceedings in the courts of appeal, so far as they may be applicable, until otherwise provided by law.”
 

 Thus, the newly created Courts of Appeal were required to follow the rules of practice relating to the Supreme Court, including those furnished by Code of Prac
 
 *167
 
 tice, Article 912, “until otherwise provided
 
 by law,”
 
 this latter phrase meaning, obviously, until a change be effected either by a subsequent Constitution or by a legislative enactment. They were without right, in view of Article 103 of the Constitution of 1879, to institute a rule such as is embodied in the Rule 9 presently under consideration.
 

 But the Convention of 1898, in writing the provisions of said Article 103 into the Constitution of that year, omitted the words “by law”. Article 104. And the same provisions, as amended, were carried into the Constitutions of 1913 and 1921. Except for the omission of the words “by law”, Section 27 of Article 7 of the 1921 Constitution is the same as was Article 103 of the 1879 Constitution.
 

 To our minds, the omitting of those words in the Constitution of 1898 and in subsequent Constitutions (they having been included in the Constitution of 1879) is very significant. It, we think, is indicative of an intention on the part of the framers of the later Constitutions to permit the Courts of Appeal themselves to regulate the appeals and proceedings therein, through the adoption of appropriate rules, if they so desired. The effect of the omission, in other words, was to direct the Courts of Appeal to adhere to the rules of practice regulating appeals to, as well as proceedings in, the Supreme Court (which included'th.e provisions of Code of Practice, Article 912) until otherwise provided (1) by the Constitution, (2) by statute, or (3) by their own rules. And there existed a good reason for authorizing this rule making power (it is stated and ably discussed in the per curiam of the Court of Appeal, and there is no need to elaborate on it here); briefly, it was that by 1898 those courts had assumed a place of much importance in the judicial system of this State, and they were entitled, besides being qualified, to adopt rules of their own choosing where not inconsistent with law.
 

 Of course, the Courts of Appeal were not, on the changing of the constitutional provision, required to formulate rules different from those of the Supreme Court. In fact at least one of them (the Orleans Circuit) adopted a rule that embraced substantially the provisions of Code of Practice, Article 912. The Court of Appeal of the Second Circuit, however, in the exercise of the privilege extended, has since 1907 proceeded in accordance with its Rule 9, above quoted, in which we find nothing repugnant to law. On this point such court, in its per curiam, observed: “This is the first instance in which the application of the rule has been attacked for any reason, although for forty years or more, this Court, regardless of changes in personnel, and the Bar, have interpreted the rule in such manner as approved the filing of applications for rehearing, couched in general language, provided such applications were accompanied by brief detailing specific grounds of error in the Court’s de
 
 *168
 
 crees, and citing authorities in connection therewith. This Court has meticulously followed its rule, except in cases where additional time in which to file brief has been granted by it.”
 

 Furthermore, since that court concluded that plaintiff’s application for a rehearing fully complied with its Rule 9, the following comment found in Milwaukee Trust Co. v. Germania Insurance Co., 106 La. 669, 31 So. 298, is not inappropriate here: “Plaintiff, before meeting the issues on the merits here, urges the objection to the writ issued by this court that defendant failed to make a proper application for a rehearing, in that it omitted to file in that court a proper statement of points and authorities, as required by the rules of that court. There was, as we take it, serious ápplication made for a rehearing, and it was refused by that court. Whether the court deemed that its rule had or had not been complied with, is no concern of ours in this case. Its action denying the rehearing is decisive enough to consider the writ of review as properly before us for our review. We will not stop to consider all the grounds upon which the court acted in refusing the rehearing. An application for a rehearing was made by defendant and relator, and it was 'refused by the court. This is all that is required, as relates to this application.”
 

 Defendant, in support of its motion here, cites several decisions, two of which were from,the Court of Appeal of the Orleans Circuit and dealt with a rule of that court containing requirements substantially identical with those of Code of Practice, Article 912. The cited decisions are adequately analyzed in the above referred to per curiam and there shown to be inapplicable to the instant matter; hence, there is no necessity for further discussing them.
 

 For the reasons assigned defendant’s motion to recall the writ of certiorari directed to the Court of Appeal of the Second Circuit is denied at its costs.