84 So.2d 467

STATE ex rel. Michael, George and
Richard LANGENSTEIN

v.

CITY OF NEW ORLEANS.

No. 39228.

Dec. 12, 1955.

Harry R. Cabral, Sr., Harry R. Cabral, Jr., Lewis R. Graham, New Orleans, for plaintiffs-appellants.

Henry B. Curtis, City Atty., Edgar Corey, Posey R. Bowers, Asst. City Attys., New Orleans, for defendant-appellee.

HAMITER, Justice.

Plaintiffs, as the owners and operators of a business in the premises known as 1300 Arabella Street in the City of New Orleans, demanded in this action injunctive relief against the named municipality

and also against Honorable Harold J. Moore, late Judge of Section "A" of the New Orleans Recorder's Court, thereby to restrain the former from interfering with their rights of usage of the described property for commercial purposes and to prevent the latter from proceeding further with certain cases pending against them in the court over which he presided.

On the return day of the rule for a preliminary injunction defendants filed exceptions to the jurisdiction of the court ratione materiae and of no right and no cause of action and an answer. Later, considerable evidence was adduced on a hearing of the rule, after which the district court sustained defendants' exception to the jurisdiction and dismissed the suit. From the judgment plaintiffs requested and obtained the instant appeal.

The City of New Orleans has moved to dismiss the appeal on the ground that no steps were taken in the prosecution thereof during a period of more than five years after it was lodged in this court. The motion, which appellants have in no manner opposed either by way of pleading or oral argument or brief, is based on Section 3, Rule VIII of the Rules of this Court which were adopted October 4, 1951 and became effective January 1, 1952. That section states: "Any appeal, now or hereafter pending on the regular docket, in which five years have elapsed without any steps being taken in the prosecution thereof, *shall be considered as abandoned* and the

clerk is directed to furnish the court with the name and number of any such appeal or appeals on or before the final session for the hearing of arguments in each court term. Any such appeal or appeals shall also be posted by the clerk on the calendar for summary dismissal by the court on the final day of the session. The provisions of this section are intended to be retroactive and to become effective upon the adoption of these rules but the right is reserved to the appellant or appellants in any case now pending, in which no action has been taken for five years, to move for the transfer of the case to the preference docket within a period of six months following the publication of these rules in the advance sheets of the Southern Reporter." (Italics ours.)

■ The quoted provisions were adopted for the benefit of the court in the proper administration of its affairs, their primary purpose being to prevent the clogging and congesting of our calendar and docket with cases which might never come up for hearing or which might prove to be moot, if and when heard, as the result of settlement, death of parties or otherwise. 26 Tulane Law Review, 491, 493. And, having for their principal objective the expeditious disposition of the court's business, they have the effect of law. Code of Practice Article 878.3, LSA–R.S. 13:72, Interdiction of Wenger, 147 La. 422, 85 So. 62.

■■ Moreover, such provisions, retroactive in effect according to the language

thereof, are clear and unambiguous. Thus they clearly state that when an appeal is pending on the regular docket for five years and no steps have been taken in the prosecution thereof during that period it is considered as abandoned. That portion which directs the clerk to furnish the name and number of such an appeal to the court on or before the final session of each court term, as well as to post it for summary dismissal, in no manner affects the time within which the mentioned steps must be taken. The direction is merely for the convenience of the court in order that it can dismiss appeals of that character periodically when the appellees fail to so move. And the last provision (relating to a six months' period within which a case might be transferred to the preference docket) purposed only to allow to appellants a delay for saving those appeals which were five or more years old at the time of the effective date of the Rules and which would otherwise have been subject to immediate dismissal.

In the instant case the transcript of the appeal was lodged in this court and placed on the ordinary docket on December 7, 1948. Thereafter, for more than five years nothing was done with respect to the appeal, except that on December 10, 1948 and January 20 and 27, 1952, the record was obtained from the clerk's office by various counsel—acts which, obviously, did not constitute steps in the appeal's prosecution. As a consequence, according to the Rule quoted above, the appeal was considered abandoned and became a nullity on the elapse of such five year period; and thereafter the only remaining action that could possibly be taken thereon was to strike it from the docket.

For the reasons assigned the appeal is dismissed.