McBRIDE, Judge.
The provisions of Act 615 of 1954 amended LSA-C.C. art. 3519 respecting the abandonment or discontinuance of suit by adding thereto the following paragraph:
“Any appeal, now or hereafter pending -in any appellate court of the State, in which five years have elapsed without any step's having -been taken in the prosecution thereof, shall be considered as abandoned, and the court in which said appeal is pending shall'summarily dismiss such appeal."
This appeal was filed and docketed in this court on July 19, 1951. No steps were ever taken by any party in the prosecution thereof for more than five years. It was not until September 18, 1956, appellant moved that the cause be placed on our preference docket, and when the order was presented to the judge to whom the matter had been assigned, he refused to sign the same as his opinion was that the appeal had been abandoned.
On April 15, 1957, after due posting and notice to the attorneys for the parties, the appeal was called for dismissal under LS A-C.C. art. 3519, as amended, whereupon Mrs. Gloria Delesdernier Marchand, the-appellant, filed formal protest. This was done through present counsel who had not-theretofore appeared in the proceeding.
The purpose of the amendment to said codal .article is to prevent the clogging and congestion of the calendars and dockets of *695 the appellate courts with appeals which might never be heard as the result of settlement, death of parties or otherwise. See State ex rel. Langenstein v. City of New Orleans, 228 La. 939, 84 So.2d 467.
Subsequent to the 1954 amendment of LSA-C.C. art. 3519, we amended our Rule XIX, 8 LSA-R.S., so as to read and provide as follows:
“Abandonment of Appeals
“Any appeal, now or hereafter pending, in which five years have elapsed without any steps having been taken in the prosecution thereof, shall be considered as abandoned and be dismissed in accordance with the provisions of Revised Civil Code Article 3519, as amended by Act No. 615 of 1954.
“Provided, that before any such appeal shall be so dismissed, the litigants and attorneys interested therein shall be given a thirty-day written notice that unless good and sufficient cause to the contrary is shown at or before a time to be fixed by the court, such dismissal shall take place; such notice shall be sent by ordinary mail to the attorneys of record of the parties and a copy thereof shall also be posted on the Bulletin Board in the Clerk’s Office. If the attorney for any party is deceased or his whereabouts unknown, or if any party be unrepresented by counsel, the posting of the notice in the Clerk’s Office shall be deemed good and sufficient notification.
“However, the right is reserved to the appellant or appellee in any case now pending in which no action has been taken for five years to move for the transfer of the case from the ordinary to the preference docket within a period of six months following the publication of this rule in the advance sheets of the Southern Reporter.”
The Courts of Appeal have authority to regulate appeals and the proceedings therein through the adoption of appropriate rules if they so desire. Art. 878.3, Dart’s Louisiana Code of Practice; LSA-R.S. 13:72; Const.1921 art. 7, sec. 27, Const. LSA; Cox v. Shreveport Packing Co., 212 La. 325, 31 So.2d 815.
Counsel for appellant in the protest suggests that the appeal was not abandoned and should not be dismissed, for the reason that it had been consign'ed to our ordinary docket upon filing and never had been reached or posted for hearing, and for the further reason that when the motion to transfer the cause to the preference docket was filed on September 18, 1956, this court had not yet taken steps to dismiss the appeal in accordance with the provisions of Paragraph 2 of Rule XIX, and therefore the motion was seasonable and constituted an active step in the prosecution of the appeal which prevented its being dismissed.
In support of her first ground of protest appellant cites the case of Veith v. Reynoir, 78 So.2d 543, decided by us March 14, 1955, in which we said that a case which had remained on the ordinary docket for more than five years and had never been called for trial should not be dismissed for want of prosecution as there was no requirement in our rules that the appellant must ask that such a case be transferred to the preference docket.
At the time we were considering the status of the Veith appeal we perceived a possible and very serious question as to the constitutionality of the 1954 Act which amended LSA-C.C. art. 3519 in that the amendment was to have retroactive effect but it afforded no reasonable space of time after its effective date within which an appellant could prevent his appeal from being dismissed by taking some affirmative step in its prosecution. Therefore, we decline to penalize Veith, whose appeal would have been annihilated by the retroactive effect *696 of the amendment to the codal article which did not afford him a reasonable means or a method of saving his appeal.
As the result of the Veith case we thought it necessary to amend our Rule XIX and we adopted the amendment as above set forth, and particularly did we deem it necessary to supply by Paragraph 3 of the rule what the 1954 amendment to LSA-C.C. art. 3519 lacked, the giving of an opportunity to an appellant to prevent the dismissal of his appeal by moving that it be placed on the preference docket. A period of six months, which we deemed reasonable, following the publication of the rule in the Southern Reporter was granted. Such publication appeared in the advance sheets of March 24, 1955, 78 So.2d at page xxi. Said paragraph follows verbatim the language of Section 3 of Rule VIII of the Supreme Court, 8 LSA-R.S., relative to abandonment of appeals.
Notwithstanding publication in the Southern Reporter advance sheets on March 24, 1955, notifying parties at interest of the necessity of having their appeals placed on the preference docket, the present appellant filed her motion September 18, 1956, or not until about eighteen months after the publication of Rule XIX.
The second paragraph of the rule providing for a thirty-day written notice as a predicate for the dismissal of an abandoned appeal does not have the effect of extending to the appellant a right to proceed with the prosecution of the appeal up to the moment of the notification. All this court intended by providing for such thirty-day written notice was to give any party affected by LSA-C.C. art. 3519 an opportunity of showing to the court, if he can, any good reason why the appeal should not be dismissed, such as that the court had erroneously calculated the five-year period, that there actually had been an interruption of such period, etc.
It would be beyond our power to allow further or additional time to an appellant to prosecute the appeal after the five years of inaction had elapsed. The abandonment of the appeal results not from notification or the entry of the order of dismissal but from the operation of the 1954 amendment to LSA-C.C. art. 3519, and whenever the five-year period has elapsed, there is nothing the court can do save strike the appeal from the docket. Appellant is without further right to attempt to prosecute it. See Sandfield Oil & Gas Co., Inc., v. Paul, La.App., 7 So.2d 725, and the cases cited therein.
Not having taken advantage of the opportunity of having her appeal transferred to the preference docket before the five years had elapsed, or having taken other steps to interrupt the five-year period of inactivity,
The appeal is considered abandoned and it is forthwith dismissed.
Appeal Dismissed.