HAMLIN, Justice.
On June 9, 1960, this Court ordered the dismissal of defendant’s appeal in the cause entitled, “Dudley P. Talbot v. George W. Robert,” stating:
“It is Ordered by the Court that the above numbered and entitled cause be, and the same is hereby dismissed under Sec. 3 of Rule VIII of the rules of this Court.”
Appellant contends that the appeal should be reinstated because the above order was *879 contrary to this Court’s own order of February 25, 1960, which recites:
“Any appeal which has been pending on the regular docket of this Court for a period of one year or longer without any steps being taken in the prosecution thereof, shall be considered as abandoned and the clerk is directed to furnish the Court with the name and number of any such appeal or appeals and to furnish to the parties in any such appeal or appeals a copy of this order together with written notice, by certified mail, of the fact that such appeal or appeals will be subject to dismissal under the provisions of this order. A list of any such appeal or appeals shall be posted by the clerk on the calendar for summary dismissal by the Court on June 1, 1960.
“The provisions of this order supersede Section 3 of Rule VIII of this Court, and are intended to be retroactive and to become effective upon the date of signing; but, the right is reserved to the appellant or appellee in any case now pending, in which no action has been taken for one year, to move for the transfer of the case to the preference docket within a period of 90 (ninety) days from the date of this order.” (Emphasis ours.)
The facts of record disclose that the transcript of appeal was filed in this Court on December 7, 1954. Appellee filed a motion to dismiss the appeal on March 7, 1960, alleging that under Rule VIII, Section 3,[1] of the rules of the Supreme Court, defendant had abandoned his appeal by failure to prosecute for a period in excess of five years. On the same day, appellant filed a motion for the transfer of the appeal to the preference docket of this Court, averring that even though the matter had remained on the docket for a period in excess of five years, he had desired and still desired that the appeal be heard.
Appellant now argues that the order of February 25, 1960, supra, allowed an appellant or appellee ninety days from its date to transfer a case pending before the Court in which no action had been taken for one year to the preference docket, and that since appellant’s motion to transfer the instant case to the preference docket came well within the ninety day period, this Court erred in dismissing the appeal. It is further argued that the order of February 25, 1960, supra, superseded Section 3 of Rule VIII, supra, and the matter should not have been dismissed under this provision but should have been placed on the preference docket in keeping with appellant’s motion of March 7, 1960.
On December 7, 1959, five years had elapsed without any action or steps having been taken in the prosecution of the instant appeal; it was considered abandoned. Section 3 of Rule VIII was still in effect. That portion of Section 3 of Rule VIII which directed the clerk to furnish the name and number of such an appeal to the court on or before the final session of each court term, as well as to post it for summary dismissal, in no manner affected the time within which the necessary action or steps must have been taken to keep *880 the appeal alive. The direction was merely for the convenience of the court in order that it could dismiss appeals of that character periodically when the appellees failed to so move. State ex rel. Langenstein v. City of New Orleans, 228 La. 939, 84 So. 2d 467. In fact, when the five-year period had elapsed, the cause had been abandoned, and there was nothing the Court could do save strike the appeal from the docket. Marchand v. Delesdernier, La.App., 95 So.2d 693; LSA-R.S. 13:71; West’s LSA-Civil Code, Article 3519.
The order of February 25, 1960, supra, which superseded Section 3 of Rule VIII, supra, had no effect upon the present matter because on its effective date the present appeal was already abandoned.
For the reasons assigned, the rule to reinstate the appeal is denied; appellant to pay all costs.

. “Any appeal, now or hereafter pending on the regular docket, in which five years have elapsed without any steps being taken in the prosecution thereof, shall be considered as abandoned and the clerk is directed to furnish the court with the name and number of any such appeal or appeals on or before the final session for the hearing of arguments in each court term. Any such appeal or appeals shall also be posted by the clerk on the calendar for summary dismissal by the court on the final day of the session. The provisions of this section are intended to be retroactive and to become effective upon the adoption of these rules but the right is reserved to the appellant or appellants in any case now pending, in which no action has been taken for five years, to move for the transfer of the case to the preference docket within a period of six months following the publication of these rules in the advance sheets of the Southern Reporter.” Effective January 1, 1952.